Timothy Wayne SHAW, Appellant,

v.

The STATE of Texas, State.

No. 2–91–216–CR.

Court of Appeals of Texas,
Fort Worth.

March 10, 1992.

Discretionary Review Refused
June 24, 1992.

Earl R. Waddell III, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Lynn Allison, Bill Durkin, and Jamie Graves, Assts., Fort Worth, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, Timothy Wayne Shaw, appeals from a conviction by the jury of aggravated robbery. *See* TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1992). Punishment enhanced by a prior felony conviction was assessed by the jury at fifty years confinement.

We affirm.

On June 2, 1990, Colleen Pass left work at 11:00 p.m., and drove directly to her bank's ATM machine. While she was working the machine, a white Chevy Camaro pulled up behind her car. She continued her transaction and a black male walked up to the driver's window, put a gun to her head, and demanded she punch her code into the machine. At that time, Shaw approached the car on the passenger side and demanded to be let into the car. Once inside, he grabbed Pass's purse and threw it to the other man. Eventually, Pass was able to escape. Shaw was apprehended by police a few hours later near the wrecked Camaro.

In his first point of error, Shaw argues that a hearsay document was admitted during trial in error. Pass's savings account statement was introduced into evidence under TEX.R.CRIM.EVID. 803(6), as a record of regularly conducted activity, by Trinni Phillips, Assistant Vice President and Legal Supervisor for NCNB. Shaw argues that the proper predicate was not laid before the document was admitted into evidence.

■ TEX.R.CRIM.EVID. 803(6) states that records of a regularly conducted business activity are admissible if they were made at or near the time of the activity, recorded as part of a regularly conducted business activity, made by, or from data provided by, a person with knowledge unless the source of information or the method of preparation indicates a lack of trustworthiness. The rule does not require the witness laying the predicate for the introduction of the records to be the creator of the records or even an employee of the same company. *Mitchell v. State,* 750 S.W.2d 378, 379 (Tex. App.—Fort Worth 1988, pet. ref'd). Additionally, a qualified witness need not have personal knowledge as to the contents of the records but rather he need only have personal knowledge of the mode of preparation of the records. *Id.*

■ Shaw claims Phillips was not the custodian of the documents as required by 803(6), and that the State failed to show that the document was made by a person with knowledge. Phillips testified on voir dire that she was considered the custodian of the records, and that human beings do not make the documents, they are automatically recorded.

■ Moreover, even if we were to find there was error, any error would be harmless because the document relates to facts which were sufficiently proved by other competent and unobjected-to evidence. *Id.* at 380. The document was offered to prove that $400.00 was taken from Pass's account through the ATM machine. Pass testified that $400.00, the maximum amount the machine would give, was withdrawn by the robbers. The trial court did not err in admitting the evidence. Shaw's first point of error is overruled.

■ In his second point, Shaw complains that portions of the State's jury arguments during guilt/innocence and punishment were improper. During the guilt/innocence stage the argument went as follows:

[PROSECUTION:] The Defense has the same subpoena power as the State. They can call—if there is anybody out there—

[DEFENSE]: Your Honor, I am going to object to this.

[PROSECUTION]: That's the truth, Your Honor, and it's perfectly permissible for me to say that.

[DEFENSE]: I think it's an attempt to shift the burden to the Defense.

THE COURT: I am going to sustain that objection.

[PROSECUTION]: Your Honor—All right. If the Defendant wasn't there doing the robbery, he had to be somewhere, right. He had to be somewhere else, right. The Defense did not call anybody else to say where he was.

[DEFENSE]: Your Honor, I object on the same grounds.

[PROSECUTION]: Your Honor, it is perfectly permissible and proper for the State to ask the Jury why the Defense did not call any alibi witness, and the case law for that is *Antwine vs. State*, a Court of Criminal Appeals case cited at 572 S.W.2d 541, Your Honor.

[DEFENSE]: Your Honor, there has never been an issue of alibi here.

[PROSECUTION]: The point, Your Honor, is that the Defense has not called any alibi witness, and I can tell the Jury that they haven't. That's head note number eight, Your Honor.

THE COURT: Counsel approach the Bench.

. . . .

[DEFENSE]: Judge, my response, the case the State has brought to us, the objection was that it was—they were objecting because it alleged a comment related to the failure to testify, and my objection was it was an attempt to shift the burden, Your Honor, and I think this case is not on point.

THE COURT: Well, I am going to overrule the objection at this point, and Mr. [prosecutor], you may proceed.

Shaw argues that the prosecutor's comment on the defendant's equal subpoena power was an indirect comment on his failure to testify and to bring witnesses. We do not agree that the comment can be applied to his failure to testify. Shaw would not need a subpoena to testify on his own behalf.

■ Additionally, Shaw argues it was error for the prosecution to comment on his failure to produce witnesses or alibi witnesses, which if found to be an indirect comment on Shaw's failure to testify would be error. However, Shaw's objection at trial does not comport with his objection on appeal. At trial the objection was that the prosecutor's comment was an attempt to shift the burden, and that no issue of alibi had been raised. The argument on appeal is that it was error for the prosecutor to comment on Shaw's failure to bring witnesses. If an objection made at trial differs from the complaint made on appeal, a defendant has not preserved any error for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

■ Shaw also complains that during the punishment phase the prosecutor committed error when he stated:

[PROSECUTION:] In the punishment phase, the Defense can bring people who know the Defendant, people who have worked with him who can testify for any particular Defendant.

[DEFENSE]: Your Honor, I object to any reference to us not bringing anyone.

THE COURT: I'll overrule that objection.

[PROSECUTION]: Did you hear anybody called by the Defense to talk about the Defendant's good character. Did you hear from a minister, an employer, did you hear anything? No, not anyone called on his behalf.

Shaw argues again that in particular the statement "did you hear anything?" was a direct comment on his failure to testify. We do not agree with the defendant in his interpretation of the prosecutor's comments. The prosecutor is clearly referring to Shaw's failure to call any witnesses during the punishment phase to testify about his good character.

■ Shaw cites *Brokenberry v. State*, and argues that it is reversible error to place the defendant's character into issue when he has not first raised the issue. *Brokenberry v. State*, 788 S.W.2d 103, 105 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). However, in *Brokenberry* the jury argument was made during the guilt/innocence phase, in the present case, the argument was during the punishment phase.

In the punishment phase of a noncapital case, the prosecutor may comment on the failure of an accused to present any witnesses or evidence at all on his behalf or to call certain particularized competent and material witnesses to testify about character, or other relevant matters. *Thomas v. State*, 638 S.W.2d 481, 483 (Tex.Crim.App. 1982). Shaw's second point of error is overruled.

■ In his third point Shaw complains the evidence is insufficient to support a conviction. In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

Shaw argues specifically that the elements of maintaining control over the funds and ownership were not proven beyond a reasonable doubt. The evidence at trial showed that Shaw got into Pass's car,

put a gun to her head, and demanded her money. Once inside the car, Shaw took Pass's purse from the back seat and threw it outside the car to his accomplice. After viewing the evidence we find that a rational trier of fact could have found that the elements of control over the funds and ownership by Pass were proven beyond a reasonable doubt. Shaw's third point of error is overruled.

Judgment is affirmed.