COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-030-CR

 

 

RICHARD BRIAN DEVEREAUX                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
Richard Brian Devereaux pleaded guilty to felony driving while intoxicated, and
a jury assessed his punishment, enhanced to habitual felony punishment status,
at ninety-nine years= confinement.  See Tex. Penal Code Ann. ' 12.42(d)
(Vernon Supp. 2009), ' 49.04 (Vernon 2003), '
49.09(b)(2) (Vernon Supp. 2009).  In one
point, Devereaux complains that the State made impermissible closing arguments
that were so egregious they could not be cured by objection and a court
instruction.  We will affirm.

Devereaux
complains about the following statements made by the State during its final
argument at punishment:

[State]:  So the next thing that
you have -- so if you con -- consider the crime itself, it=s not that bad in a
vacuum, a couple of things, he lied to the officer, he refused a breath test,
had to get him -- had to get his blood work and had to be able to get the
evidence that he was intoxicated.  I
promise you he wouldn=t -- he probably
wouldn=t be in here pleading
guilty if we hadn=t had that.  Okay.

 

But the fact is --

 

[Defense counsel]:  Judge, I=m going to object to him
speculating and -- and also making references to what my client should or
shouldn=t have done during this
trial.

 

The Court:  Sustained.

 

[State]:  The -- I guess
from defense counsel=s argument is, you=re supposed to go back
there and now doubt whether he was really guilty of driving while
intoxicated.  Okay.  He was guilty, just like he=s guilty of these other
things.  And so the crime itself, you
take it in -- you don=t take it in a vacuum.  You consider the crime, the criminal, the man
and the community effect.

 

Let=s talk about the criminal for a second, okay, and
that=s what he is.  Because, remember, I talked to you about
consider what=s in evidence.  If you go back there and you say one good
thing about this defendant, you know what, you=re going to be making it
up because it=s not in evidence.  There=s not one good thing.  You -- you would think, you know,
if -- if a -- if anyone was on trial for their life with a life
sentence hanging over their head, you would hope that there would be somebody
that could come in and take one good thing --








[Defense counsel]:  Judge, I=m going to object to him
making anything related to what -- what we=ve got going in terms of
evidence.

 

The Court:  Well, this is
argument.  I=ll allow the argument.

 

[State]:  If somebody could have
come in here and said one good thing -- where is this wife to come in and
say one good thing?  Where is a pastor,
where=s a father, a mother, a
sister, a brother, a friend, somebody that could come in and tell you one
reason why you should give this person anything less than a maximum sentence in
this case?  The fact they=re not here means there=s nothing in evidence to
that effect.  And you cannot consider
anything but what is in evidence.

 

Regarding
the first objection, which the trial court sustained, Devereaux contends that
the State argued and speculated about his motive for pleading guilty.  Regarding the second objection, which the
trial court implicitly overruled, Devereaux contends that the State commented
on his failure to call defense witnesses even though he had elected not to
testify or to present any evidence and that the argument shifted the burden of
proof to him.  Devereaux argues that the
State=s
comments did not fall within any of the categories of permissible argument,
and, citing Montoya v. State, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987),
he contends that the arguments Awere so
prejudicial in their [e]ffect as to be incurable by any instruction designed to
withdraw the negative impressions produced on the minds of the jurors.@








In
general, to preserve error for improper jury argument, a contemporaneous
objection must be made and an adverse ruling obtained.  Tex. R. App. P. 33.1(a) (stating that to
preserve error, party must object and trial court must explicitly or implicitly
make an adverse ruling or refuse to rule on the objection); Cooks v. State,
844 S.W.2d 697, 727 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 927
(1993).  If the trial court sustains the
objection, the defendant must then request an instruction to disregard and, if
granted, move for a mistrial.  Cooks,
844 S.W.2d at 727B28; see Young v. State,
137 S.W.3d 65, 69 (Tex. Crim. App. 2004). 
If a defendant fails to object to a jury argument or fails to pursue an
adverse ruling on his objection to a jury argument, he forfeits his right to
complain about the jury argument on appeal. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert.
denied, 520 U.S. 1173 (1997).








Here,
Devereaux received all the relief he requested when the trial court sustained
his first objection.  Because he did not
pursue his complaint to an adverse ruling by requesting an instruction to
disregard and moving for a mistrial if the trial court granted the instruction
to disregard, Devereaux failed to preserve for appellate review his argument
regarding the first objection asserted to the State=s final
argument.  See id. (expressly
overruling Montoya and holding that a defendant=s
failure to pursue to an adverse ruling his objection to a jury argument
forfeits his right to complain about the argument on appeal); Robertson v.
State, 245 S.W.3d 545, 547 (Tex. App.CTyler
2007, pet. ref=d).








Turning
to Devereaux=s argument concerning the second
objection, assuming he preserved error,[2]
the State=s argument did not impermissibly
shift the burden of proof to Devereaux or reference his failure to
testify.  Instead, the argument was a
permissible comment on Devereaux=s
failure to present evidence on his behalf or of his good character.  See Pope v. State, 207 S.W.3d 352, 365
& nn.51B52 (Tex. Crim. App. 2006), cert.
denied, 549 U.S. 1350 (2007) (reasoning that Aa party
may always comment on the fact that the opponent failed to call an available
witness and then argue >Don=t you
know, if Mr. X had anything favorable to say, my opponent would have called him=@); Jackson
v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (reasoning that State=s
argument was a permissible comment on appellant=s
failure to produce witnesses and evidence because it did not fault the
appellant for exercising his right not to testify); Patrick v. State,
906 S.W.2d 481, 491 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106
(1996) (reasoning that if State=s
language can reasonably be construed to refer to appellant=s
failure to produce evidence other than his own testimony, the comment is not
improper); Shaw v. State, 826 S.W.2d 763, 767 (Tex. App.CFort
Worth 1992, pet. ref=d) (AIn the
punishment phase of a noncapital case, the prosecutor may comment on the
failure of an accused to present any witnesses or evidence at all on his behalf
or to call certain particularized competent and material witnesses to testify
about character, or other relevant matters.@); see
also Mosley v. State, 686 S.W.2d 180, 183B84 (Tex.
Crim. App. 1985).  We overrule Devereaux=s point
and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL: MEIER, LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]A defendant must object
each time an impermissible argument is made, or else the complaint is
forfeited.  Helleson v. State, 5
S.W.3d 393, 396 (Tex. App.CFort Worth 1999, pet. ref=d); Giles v. State,
No. 14-98-00966-CR, 2000 WL 1289332, at *2 (Tex. App.CHouston [14th Dist.]
Sept. 14, 2000, no pet.).  After the
trial court overruled Devereaux=s objection, he did not assert any objection when
the State continued the same argument that he had just objected to.