

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-09-030-CR**

RICHARD BRIAN DEVEREAUX                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Richard Brian Devereaux pleaded guilty to felony driving while intoxicated, and a jury assessed his punishment, enhanced to habitual felony punishment status, at ninety-nine years' confinement. *See* Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2009), § 49.04 (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2009). In one point, Devereaux complains that the State made

---

[1] *See* Tex. R. App. P. 47.4.

impermissible closing arguments that were so egregious they could not be cured by objection and a court instruction. We will affirm.

Devereaux complains about the following statements made by the State during its final argument at punishment:

> [State]: So the next thing that you have -- so if you con -- consider the crime itself, it's not that bad in a vacuum, a couple of things, he lied to the officer, he refused a breath test, had to get him -- had to get his blood work and had to be able to get the evidence that he was intoxicated. I promise you he wouldn't -- he probably wouldn't be in here pleading guilty if we hadn't had that. Okay.
>
> But the fact is --
>
> [Defense counsel]: Judge, I'm going to object to him speculating and -- and also making references to what my client should or shouldn't have done during this trial.
>
> The Court: Sustained.
>
> [State]: The -- I guess from defense counsel's argument is, you're supposed to go back there and now doubt whether he was really guilty of driving while intoxicated. Okay. He was guilty, just like he's guilty of these other things. And so the crime itself, you take it in -- you don't take it in a vacuum. You consider the crime, the criminal, the man and the community effect.
>
> Let's talk about the criminal for a second, okay, and that's what he is. Because, remember, I talked to you about consider what's in evidence. If you go back there and you say one good thing about this defendant, you know what, you're going to be making it up because it's not in evidence. There's not one good thing. You -- you would think, you know, if -- if a -- if anyone was on trial for their life with a life sentence hanging over their head, you would hope that there would be somebody that could come in and take one good thing --

2

[Defense counsel]: Judge, I'm going to object to him making anything related to what -- what we've got going in terms of evidence.

The Court: Well, this is argument. I'll allow the argument.

[State]: If somebody could have come in here and said one good thing -- where is this wife to come in and say one good thing? Where is a pastor, where's a father, a mother, a sister, a brother, a friend, somebody that could come in and tell you one reason why you should give this person anything less than a maximum sentence in this case? The fact they're not here means there's nothing in evidence to that effect. And you cannot consider anything but what is in evidence.

Regarding the first objection, which the trial court sustained, Devereaux contends that the State argued and speculated about his motive for pleading guilty. Regarding the second objection, which the trial court implicitly overruled, Devereaux contends that the State commented on his failure to call defense witnesses even though he had elected not to testify or to present any evidence and that the argument shifted the burden of proof to him. Devereaux argues that the State's comments did not fall within any of the categories of permissible argument, and, citing *Montoya v. State*, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987), he contends that the arguments "were so prejudicial in their [e]ffect as to be incurable by any instruction designed to withdraw the negative impressions produced on the minds of the jurors."

3

In general, to preserve error for improper jury argument, a contemporaneous objection must be made and an adverse ruling obtained. Tex. R. App. P. 33.1(a) (stating that to preserve error, party must object and trial court must explicitly or implicitly make an adverse ruling or refuse to rule on the objection); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992), *cert. denied*, 509 U.S. 927 (1993). If the trial court sustains the objection, the defendant must then request an instruction to disregard and, if granted, move for a mistrial. *Cooks*, 844 S.W.2d at 727–28; *see Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). If a defendant fails to object to a jury argument or fails to pursue an adverse ruling on his objection to a jury argument, he forfeits his right to complain about the jury argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997).

Here, Devereaux received all the relief he requested when the trial court sustained his first objection. Because he did not pursue his complaint to an adverse ruling by requesting an instruction to disregard and moving for a mistrial if the trial court granted the instruction to disregard, Devereaux failed to preserve for appellate review his argument regarding the first objection asserted to the State's final argument. *See id*. (expressly overruling *Montoya* and holding that a defendant's failure to pursue to an adverse ruling his

4

objection to a jury argument forfeits his right to complain about the argument on appeal); *Robertson v. State*, 245 S.W.3d 545, 547 (Tex. App.—Tyler 2007, pet. ref'd).

Turning to Devereaux's argument concerning the second objection, assuming he preserved error,[2] the State's argument did not impermissibly shift the burden of proof to Devereaux or reference his failure to testify. Instead, the argument was a permissible comment on Devereaux's failure to present evidence on his behalf or of his good character. *See Pope v. State*, 207 S.W.3d 352, 365 & nn.51–52 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1350 (2007) (reasoning that "a party may always comment on the fact that the opponent failed to call an available witness and then argue 'Don't you know, if Mr. X had anything favorable to say, my opponent would have called him'"); *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (reasoning that State's argument was a permissible comment on appellant's failure to produce witnesses and evidence because it did not fault the appellant for exercising his

---

[2] A defendant must object each time an impermissible argument is made, or else the complaint is forfeited. *Helleson v. State*, 5 S.W.3d 393, 396 (Tex. App.—Fort Worth 1999, pet. ref'd); *Giles v. State*, No. 14-98-00966-CR, 2000 WL 1289332, at *2 (Tex. App.—Houston [14th Dist.] Sept. 14, 2000, no pet.). After the trial court overruled Devereaux's objection, he did not assert any objection when the State continued the same argument that he had just objected to.

5

right not to testify); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996) (reasoning that if State's language can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony, the comment is not improper); *Shaw v. State*, 826 S.W.2d 763, 767 (Tex. App.—Fort Worth 1992, pet. ref'd) ("In the punishment phase of a noncapital case, the prosecutor may comment on the failure of an accused to present any witnesses or evidence at all on his behalf or to call certain particularized competent and material witnesses to testify about character, or other relevant matters."); *see also Mosley v. State*, 686 S.W.2d 180, 183–84 (Tex. Crim. App. 1985). We overrule Devereaux's point and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 25, 2009