AFFIRM; Opinion issued January 18, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-01140-CR

## BILLY RAY STEELE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F09-73160-Y

# MEMORANDUM OPINION

Before Justices Francis, Murphy, and Evans[1]
Opinion By Justice Murphy

The sole issue in this appeal from a jury conviction for unauthorized use of a motor vehicle

is whether the trial court erred by overruling Billy Ray Steele's objection to what he claims was

improper punishment argument by the State. We affirm.

## Background

On the evening of December 11, 2009 and into the early morning hours the next day, Steele

and two others drove around to three different car dealerships "looking for a car to get into." At the

third dealership, Steele found a 2002 Dodge Ram pickup truck. He broke into the truck, used a

---

[1] The Honorable Joseph Morris, Retired Justice, was a member of the Panel at the time this case was submitted. Due to his retirement from this Court on December 31, 2012, he did not participate in deciding the case. He was replaced on the panel by Justice David Evans. *See* TEX. R. APP. P. 41.1(a).

screwdriver and hammer to start it, drove the truck through the gate of the dealership, and left the lot. The others eventually joined Steele in the truck, and they "rode around for a little bit." On the morning of December 12, they ended up in a Wal-Mart parking lot where they were "cornered" by the owners of the dealership. The police arrived and arrested them.

Steele was charged by indictment with unauthorized use of a motor vehicle, a state jail felony with a punishment range of confinement for 180 days to two years and an optional fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.35(a), (b) (West Supp. 2012); *id.* § 31.07 (West 2011). The indictment also contained two enhancement paragraphs, alleging Steele had been convicted of two prior felony offenses in 2004—for credit card abuse and burglary of a building. Steele pleaded not guilty, and the jury found him guilty as charged.

Steele pleaded true at the punishment hearing to both enhancement allegations, which increased his punishment range to that of a third degree felony, confinement for two to ten years, and an optional fine of up to $10,000. *See id.* § 12.34 (West 2011); *id.* § 12.425(a) (West Supp. 2012). The State also established Steele had been convicted of several additional offenses, including failure to identify, theft, burglary of a motor vehicle, and burglary of a habitation. In closing argument, the prosecutor asked for the maximum punishment of ten years and argued that Steele was a "career criminal." Steele's counsel responded by arguing that after Steele's felony convictions in 2004, he only "was in very little petty stuff . . . Nothing to indicate that he [was] a career criminal." He also asked the jury to be reasonable and not give Steele an excessive punishment. The jury sentenced Steele to ten years in prison.

**Discussion**

Steele contends the prosecutor made certain statements during argument in the punishment phase of trial that improperly struck at him over the shoulders of his counsel. His complaint stems

from the following comments made by the prosecutor in his rebuttal argument:

> But this, at this point in the trial, folks, certainly they can sit and do nothing. You heard about it. I mean you're looking at 10. With seven convictions, you're looking at 10. There's no doubt about that. Right? You can call grandma.

> Grandma would say this man is actually worth not giving 10 years to. But you can't speculate on that now. It's not in here.

Steele's counsel objected "to [the prosecutor] saying to call on somebody that he could call if he wanted them here as a witness" and asserted "that's going through his attorney and not a fair argument." The trial court clarified that counsel's objection was that the prosecutor was "[s]triking over the shoulder of [defense counsel] to reach the defendant" and overruled the objection. The prosecutor continued:

> Because I don't know about you, but I guarantee you I would find everybody in the world I could have to say something nice about me and I would call them up here for you, the members of the jury, to give him an appropriate sentence. Does that tell you something? Does that tell you about a person that maybe has seven different convictions?

Steele argues the prosecutor's comments imply the jury should assess the maximum ten-year sentence based on defense counsel's failure to call witnesses to testify that he deserved a lesser sentence. He claims the comments were inflammatory and harmed him because he received the maximum sentence based "on insinuation that even his own grandmother would have nothing to say in mitigation of punishment."

Proper jury argument generally falls within one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to opposing counsel's argument; and (4) plea for law enforcement. *See Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *see also Albiar v. State*, 739 S.W.2d 360, 362 (Tex. Crim. App. 1987) (noting "a response to the argument of opposing counsel or invited

argument" as appropriate category of argument). We review a trial court's ruling on an objection to an improper jury argument for an abuse of discretion. *See Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd); *York v. State*, 258 S.W.3d 712, 717 (Tex. App.—Waco 2008, pet. ref'd).

"When a prosecutor makes uninvited and unsubstantiated accusations of improper conduct directed toward a defendant's attorney, in an attempt to prejudice the jury against the defendant, courts refer to this as striking a defendant over the shoulders of his counsel." *Phillips v. State*, 130 S.W.3d 343, 355 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (op. on reh'g). A prosecutor risks improperly striking at a defendant over the shoulders of counsel when the argument refers to defense counsel personally and when the argument explicitly impugns defense counsel's character. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1988) (op. on reh'g); *Davis v. State*, 268 S.W.3d 683, 712 (Tex. App.—Fort Worth 2008, pet. ref'd). For example, a prosecutor impermissibly strikes at a defendant over counsel's shoulders when the prosecutor argues that defense counsel manufactured evidence, suborned perjury, accepted stolen money, or represented criminals. *See Phillips*, 130 S.W.3d at 355; *Washington v. State*, 822 S.W.2d 110, 119 (Tex. App.—Waco 1991), *rev'd on other grounds*, 856 S.W.2d 184 (Tex. Crim. App. 1993); *see also Fuentes v. State*, 664 S.W.2d 333, 335 (Tex. Crim. App. [Panel Op.] 1984) (prosecutor may not accuse defense counsel of bad faith or insincerity or discuss counsel's "usual antics"); *Anderson v. State*, 525 S.W.2d 20, 22 (Tex. Crim. App. 1975) (arguments that criticize defense counsel, including that defense counsel "did not have guts enough" to argue innocence of his client, and request for more time to argue because of defense counsel's "frivolous objections" were improper). This prohibition protects the defendant from improper prosecutorial character attacks on defense counsel. *Davis*, 268 S.W.3d at 713.

We conclude the complained-of arguments by the prosecutor did not impermissibly strike at Steele over the shoulders of his counsel. The prosecutor did not attack counsel's character or criticize his defense of Steele. *See Mosley*, 983 S.W.2d at 259. Nor did the prosecutor accuse counsel of any wrongdoing or impropriety. *Id.*; *Fuentes*, 664 S.W.2d at 335; *Phillips*, 130 S.W.3d at 355. Rather, the prosecutor's argument was a proper comment on Steele's failure to call favorable witnesses, such as his grandmother, as character witnesses. *See, e.g., Pope v. State*, 207 S.W.3d 352, 365 & n.51 (Tex. Crim. App. 2006) (noting that "a party may always comment on the fact that the opponent failed to call an available witness and then argue 'Don't you know, if Mr. X had anything favorable to say, my opponent would have called him'"); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995) (argument that refers to defendant's failure to produce evidence other than own testimony is proper); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (prosecutor may comment on defendant's failure to bring favorable evidence; "[i]f there is something out there that is going to exonerate you, you want to make it known"). In the punishment phase of a noncapital case, the practice of commenting on the failure of an accused to present any witnesses or evidence to testify about his character, reputation, or other relevant matters has long been sanctioned. *See Thomas v. State*, 638 S.W.2d 481, 483 (Tex. Crim. App. 1982); *Shaw v. State*, 826 S.W.2d 763, 767 (Tex. App.—Fort Worth 1992, pet. ref'd); *see also Albiar*, 739 S.W.2d at 362–63 (prosecutor may comment in argument on failure of defendant to call competent witness when such witness is available to testify).

The prosecutor's remarks at issue in this case amounted to no more than a reference to Steele's failure to call a character witness and did not strike at Steele over his defense counsel's shoulders. Because such comments were proper, we conclude the trial court did not abuse its discretion in overruling Steele's objection.

Accordingly, we overrule Steele's sole issue and affirm the trial court's judgment.

_____
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111140F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BILLY RAY STEELE, Appellant

No. 05-11-01140-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F09-73160-Y).
Opinion delivered by Justice Murphy, Justices Francis and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 18, 2013.

_____
MARY MURPHY
JUSTICE