Opinion by
Hurt, J.
§ 89. Custodia legis; rights of a claimant in trial of the right of property; conversion of property released to claimant, etc. Appellee Pierce was the assignee of a stock of goods assigned to him by Chambers & Hawkins. Five writs of attachment issued against the property of *70 Chambers & Hawkins, and were levied upon said goods in the possession of Pierce, the assignee. Pierce claimed the goods under the statute for the trial of the right of property, and upon his making affidavit and giving bond as required, the officer who levied the attachments delivered the goods back into his possession. Thereafter, pending the proceedings for the trial of tire right of property, appellants caused an execution in their favor, and against said Chambers & Hawkins, to be levied upon a portion of said goods, alleged to be of the value of $700, and caused the same to be sold, and appropriated the proceeds thereof. Pierce brought this suit to recover damages, both actual and exemplaiy, for the conversion of the goods, and obtained judgment for $270 actual and $200 exemplary damages. Held, the goods in the possession of Pierce, when levied upon under the execution of appellants, were in custodia legis, and were not subject to said levy. “ If the property be liable to execution, a' levy must always produce a forfeiture of the condition of the bond, for a levy takes the property out of the possession of the claimant, and renders the performance of his bond impossible. Can a result so repugnant to equity and propriéty as this be sustained? Is the law so inconsistent as to authorize the means by which the discharge of a legal obligation is defeated, and at the same time exact a penalty for failure? This would indeed be a reproval to the law and to justice. The maxim of the law is that it injures no man and can never produce injustice.” [Hodges v. Lucas, 10 Peters (U. S.), 400.] No portion of these goods were liable to be taken by appellant’s execution, and Pierce had a right of action against all parties concerned in the seizure and conversion of the same. It was not a sufficient answer to the action that the assignment under which Pierce had claimed the gbods was void. Even if this were so, that did not deprive him of the right to maintain this action.
§ 90. jExemplary damages; not recoverable in this case. There is no element of exemplary damages in this case. *71 That appellants were actuated by malice, or a disposition to harass or oppress appellee, because he had his execution levied upon the goods which were in appellee’s possession, does not follow by any means. The legal right to seize these goods by execution is a question about which persons learned in the law might differ. The verdict for exemplary damages is not supported by the evidence.
December 14, 1883.
Eeversed and remanded.