**Joe Louis BROKENBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–531–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1990.

Rehearing Denied April 12, 1990.

Tyrone Moncriffe, Charles Freeman, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Joe Louis Brokenberry, appeals his judgment of conviction for the offense of aggravated robbery TEX.PENAL CODE ANN. § 29.03 (Vernon 1990). The jury rejected appellant's not guilty plea and, after finding the two enhancement

paragraphs in the indictment to be true, assessed punishment at confinement for life. We reverse and remand.

Appellant has assigned eight points of error on appeal. We sustain appellant's fifth point of error and reverse and remand this cause for a new trial.

In his first point of error appellant asserts the trial court committed reversible error by sustaining the State's objection to appellant's question, *"The fact of the matter is that confidential informant was under investigation, herself; is that not correct, sir?"* In his second point of error, appellant complains the trial court committed reversible error by overruling appellant's objection to hearsay when the State asked, "After talking with the employees at the station were you satisfied with the first explanation given to you by Charolette McIntosh?" In his third point of error, appellant complains the trial court committed reversible error by denying his motion for a mistrial as a result of the State's manifestly improper argument, "The reason we don't bring *C.I.S* (sic) [confidential informers] down here *people* that, first of all, are afraid to approach just a prosecutor, *they* talk to a law enforcement officer that *they* know is going to maintain that confidentiality, is because *they* wind up dead." In his fourth point of error, appellant complains the trial court committed reversible error by overruling his objection to the State's improper jury argument, "If you do not consider the fact that the defendant has not testified." Appellant's fifth point of error objects to the comment made by the prosecution during jury argument at the guilt-innocence stage that appellant had presented no character witnesses. In his sixth point of error, appellant complains of six additional statements made by the Prosecutor during jury arguments which appellant submits denied him a fair and impartial trial. In his seventh point of error, appellant contends the trial court committed reversible error by denying section I of appellant's Motion for New Trial wherein appellant asserts that prospective jurors had been improperly rescheduled into and out of the array in this case. In his eighth point of error, appel-

lant submits the trial court committed reversible error by denying his request to incorporate the State's file in the record for appellate review.

Edith and Earl O'Brien owned Riggsbee Hardware in Houston, Texas. On November 6, 1987, Mrs. O'Brien went to the Lockwood Bank to make a deposit and to cash payroll checks for the employees of Riggsbee Hardware. Mrs. O'Brien returned to Riggsbee Hardware with a moneybag full of cash to pay the company payroll. When she entered the front door of the hardware store, a man ran up to Mrs. O'Brien yelling "wait." This man then pulled the door open and grabbed the moneybag from Mrs. O'Brien's hands and ran away. Appellant, who had been standing on the curb, ran alongside Mrs. O'Brien's assailant. Mr. O'Brien and an employee named Donald Antley ran after the two men with the money bag. Donald Antley was able to gain on the two men, coming to within five feet of them as they approached their car. The man who took the money from Mrs. O'Brien jumped into the back seat of the car, while appellant turned around and pointed a gun at Donald Antley. Antley raised his hands in the air and backed away from the car, saying "It's yours", and "take it." Appellant then got into the car and drove off.

Andy Martinez was at Riggsbee Hardware when he heard Mrs. O'Brien scream. Martinez climbed into his truck and pursued the suspects. When he caught up with them, Martinez observed Donald Antley backing off from a parked car with his hands up. The car then sped off and Martinez followed. Martinez was able to get the license number of the car before a man in the car stuck a gun out the window, forcing Martinez to turn off onto another road.

In November of 1987, Officer John W. Clinton of the Houston Police Department was assigned to the Robbery Division investigating a certain type of robbery known as "jugging" whereby robbers follow customers from banks and then rob them. Clinton was neither aware of nor was he involved in the official investigation

into the Riggsbee Hardware robbery until he received information from a confidential informant which led him to believe that appellant and an individual named Tyrone Bushnell participated in the Riggsbee Hardware robbery, and that appellant was the person using the gun. Based on this information, Officer Clinton prepared a photo spread which included appellant's and Bushnell's pictures. Mrs. O'Brien was able to identify Bushnell as the man who took the moneybag from her, but she could not identify appellant. Donald Antley was able to identify both appellant and Bushnell. Based on this evidence, appellant and Bushnell were placed under arrest.

Appellant's fifth point of error objects to the comment made by the prosecution during jury argument at the guilt-innocence stage that appellant had presented no character witnesses. The prosecution's specific statement was as follows:

> You can consider the fact that out of all of Harris County there is no one here to say he's not the sort of person who would do this sort of crime because character—

Appellant then registered a timely objection complaining of improper jury argument. The trial court overruled appellant's objection, and the prosecutor went on to argue:

> You can consider the fact that there are no character witnesses here to say he's not the sort of person that would do that sort of thing

Rule 404 of the Tex.R.Crim.Evid. states that character evidence is not admissible to prove conduct. Further, Rule 404(a)(1) provides:

> (a) **Character Evidence Generally.** Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> (1) *Character of an Accused:* Evidence of a pertinent trait of his character **offered by an accused,** or by the prosecution to rebut same; (emphasis added).

■ It is the **accused** who is entitled to introduce evidence of his general good character about the particular trait involved in the offense charged. *Canto–Deport v. State,* 751 S.W.2d 698 (Tex.App.—Houston [1st Dist.] 1988 pet. ref'd) citing *Hamman v. State,* 166 Tex.Crim.R. 349, 314 S.W.2d 301, 305 (1958). *(emphasis added).* Robbery is a type of crime which involves moral turpitude. See Ray, *Texas Laws of Evidence* § 658 at 592 (Texas Practice 3d ed. 1980).

■ In the instant case, appellant did not take the stand nor did he elect to exercise his prerogative to present character witnesses to testify that he had no propensity to commit the charged offense. The question, thus, is whether the action of the prosecutor, in placing appellant's character in issue in closing argument during the guilt-innocence stage of the trial, requires reversal. We note that when the trial court overruled appellant's objection, the prosecutor then repeated his comment concerning appellant's failure to call any character witnesses to testify on his behalf. In summary, the jury was emphatically urged by the State to consider appellant's failure to produce character witnesses. This exhortation was re-inforced by the trial judge's seal of approval when he overruled appellant's objection. The impropriety of the prosecutor's repeat references to appellant's failure to call character witnesses and its attendant harm to appellant is manifest. The logical inference was that appellant was precisely the sort of person who would commit the sort of offense in question. Clearly, the action by the State, in referring to appellant's failure to call character witnesses was, under the circumstances of this case, the functional equivalent of the State injecting appellant's character into the case. It is reversible error for the State to place a defendant's character in issue before a jury when the defendant has not first raised the issue. Rule 404(a)(1) Tex.R.Crim.Evid.; See also, *Anderson v. State,* 717 S.W.2d 622, 628 (Tex.Crim.App.1986). We note that the single piece of direct evidence linking appellant to the Riggsbee Hardware robbery was Donald Antley's positive identification. The jury subsequently assessed appellant's

punishment at confinement for life. These facts, coupled with our review of the entire record, do not persuade us beyond a reasonable doubt that the error did not contribute to appellant's conviction or punishment. Tex.R.App.P. 81(b)(2). We sustain appellant's fifth point of error and remand the case to the trial court for a new trial.

We have reviewed appellant's remaining points of error and, finding them to be without merit, appellant's points of error one, two, three, four, six, seven and eight are overruled.

Accordingly, we reverse and remand the judgment of the trial court.