NO. 07-02-0192-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 2, 2003

_____

SHEREE LYNN WOODS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 97,866; HONORABLE W.F. "CORKY" ROBERTS, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Sheree Lynn Woods was convicted by a jury of the offense of prostitution and sentenced to one year jail confinement. Appellant appeals her conviction, asserting two points of error; we affirm.

Appellant first asserts that testimony by a police officer, though the trial court directed the jury to disregard it, was so prejudicial and harmful as to cause rendition of an

improper verdict; appellant's second point argues that the trial court should not have allowed the officer to testify at all because his name was not provided to the defense as a prospective witness.

We address appellant's second point first. The State's case during the guilt-innocence phase of the trial consisted of the testimony of Amarillo police officers Sam Martinez and Doug Herrington. Officer Herrington testified that he was among the police officers conducting a prostitution "sting" on October 11, 2001, the day of appellant's arrest, that appellant approached his unmarked police vehicle but that he locked the vehicle door and "waved her off" because he was not the officer intended to "make the date," and that he then directed Officer Martinez's attention to appellant. Officer Martinez provided the State's testimony of appellant's offer or agreement to engage in sexual conduct for a fee.

Appellant contends that Officer Herrington's testimony prejudiced appellant's defense because Officer Herrington did not prepare a police report concerning his involvement in the sting and thus appellant was not aware until Officer Herrington's name was mentioned during voir dire that he was a potential witness. Appellant argues that Officer Herrington's testimony was not reasonably foreseeable, despite the State's "open file" policy, and thus amounted to "trial by ambush."

Appellant cites us to several cases concerning the State's obligation to disclose witnesses to be used at trial. The cited cases, though, are distinguishable because they all involve the provision of witness lists (or written statements, in one case) by the State

2

pursuant to the trial court's instructions or pursuant to an agreement to do so.[1] Here, no formal discovery was conducted, *cf.* TEX. CODE CRIM. PROC. art. 39.14, nor does the record reflect any court instructions or agreement concerning the providing of a witness list. Appellant cites no rule or case, and we are aware of none, under which the State had the duty under those circumstances to notify appellant before trial of its intention to call Officer Herrington as a witness or of the nature of his expected testimony. Appellant does not dispute the State's contentions in its brief that Officer Martinez's written report is contained in the State's "open file," and that Officer Herrington's name appears on that report as the officer in charge.

Moreover, appellant neither objected at trial to the State's presentation of Officer Herrington as a witness, nor moved for a recess or continuance. A timely and proper request, objection or motion to the trial court is a prerequisite to the presentation of a complaint for appellate review. Tex. R. App. P. 33.1; *see also Hardin v. State,* 20 S.W.3d

---

[1]The cases relied on by appellant are: *Martinez v. State*, 867 S.W.2d 30 (Tex.Crim.App. 1993) (court instructions during hearing on pre-trial motion for list of punishment witnesses); *Nobles v. State*, 843 S.W.2d 503 (Tex.Crim.App. 1992) (pre-trial motion granted; several witness lists provided); *Hernandez v. State*, 819 S.W.2d 806 (Tex.Crim.App. 1991) (agreed motion to disclose names of witnesses by certain date); *Richardson v. State*, 744 S.W.2d 65 (Tex.Crim.App. 1987) (witness list furnished pursuant to court order); *Pinkerton v. State*, 660 S.W.2d 58 (Tex.Crim.App. 1983) (state agreed to furnish witness list); *Hightower v. State*, 629 S.W.2d 920 (Tex.Crim.App. [Panel Op.] 1981) (witness list pursuant to court order); *Young v. State*, 547 S.W.2d 23 (Tex.Crim.App. 1977) (pre-trial motion for discovery of punishment witnesses granted; witness name not provided); *Goodley v. State*, 457 S.W.2d 294 (Tex.Crim.App. 1970) (appeal of denial of motion to instruct state to provide written witness statements); *Hardin v. State*, 20 S.W.3d 84 (Tex.App.--Texarkana, 2000, pet. ref'd)(pre-trial discovery motion; witness list provided); *Lafayette v. State*, 835 S.W.2d 131 (Tex.App.--Texarkana 1992, no pet.) (no court order; witness list provided by prosecution; written request by defense for updated list).

at 88 (Any error in allowing the witness to testify over a claim of surprise is made harmless by the defendant's failure to object.) We overrule appellant's second point.

During voir dire, the prosecutor asked if any member of the jury panel knew Officers Martinez or Herrington. When one member of the panel (an Amarillo lawyer) responded that he knew Officer Herrington, the prosecutor asked if he would "give him more credibility than you would [give] someone else just because you know him." "Absolutely," was the panel member's reply. It appears from the record that this exchange took place in the presence of the entire jury panel. The panel member was excused and did not serve on the jury.

Then, during Officer Herrington's testimony during the guilt-innocence phase of the trial, the following exchange took place:

| | |
|---|---|
| Q [by the prosecutor]: | "Okay. Are you familiar with a Sheree Lynn Woods? |
| A [by Officer Herrington]: | "I am. |
| Q: | "Okay. How are you familiar with Ms. Woods? |
| A: | "I know her in my police capacity as a - - as a prostitute. |
| Q: | "Okay. |
| Counsel for appellant: | "Your Honor, I object to that testimony and ask that [it] be stricken. |
| The Court: | "Sustained. Jury will disregard the last question and answer." |

In her first point of error, appellant contends that Officer Herrington's statement was inadmissible under Texas Rule of Evidence 404(b). Appellant argues further that the statement was so prejudicial and harmful, especially when considered in light of the

4

excused venireman's statement about Officer Herrington's credibility, that the taint of it could not be removed by the court's instruction to the jury to disregard it, and that it caused the rendition of an improper verdict.

The State acknowledges that Officer Herrington's statement was inadmissible, and we concur.[2] Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that she acted in conformity therewith. Tex. R. Evid. 404(b).[3] We cannot agree with appellant, though, that reversal is required.

The Rules of Appellate Procedure require us to disregard an error that is not constitutional error unless it affects a "substantial right" of the appellant. Tex. R. App. P. 44.2(b). Appellant does not assert that constitutional error is involved in this case. Generally, violations of the evidentiary rules resulting in the erroneous admission of evidence are not constitutional error. *Tate v. State*, 988 S.W.2d 887, 890 (Tex.App.--Austin 1999, pet. ref'd). A substantial right of a defendant is affected when error has a

---

[2]Although the State does not argue that appellant failed to preserve the error of which she complains, we note at the outset that appellant received all the relief she requested from the trial court with respect to Officer Herrington's statement. The trial court sustained the objection to the testimony and instructed the jury to disregard it. Appellant did not move for mistrial, consequently she has no adverse ruling of the trial court of which to complain. *Hernandez v. State*, 914 S.W.2d 226, 230 (Tex.App.--Waco 1996, no pet.) (If an objection is sustained and a curative instruction is given, a party must obtain an adverse ruling on a motion for mistrial before any error can occur.).

[3]In their briefs, both appellant and the State have characterized Officer Herrington's remark both as evidence of a collateral crime violative of Rule 404(b) and as evidence of appellant's character violative of Rule 404(a). Without so deciding, we assume for purposes of this appeal that it makes no difference whether the statement is inadmissible under Rule 404(a) or Rule 404(b).

5

substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

We generally presume that the jury follows the trial court's instructions, including an instruction to disregard impermissible testimony. *Waldo v. State*, 746 S.W.2d 750 (Tex.Crim.App. 1988). It has long been the law that where testimony of an extraneous offense is admitted before the jury, the error may be rendered harmless when the trial judge gives an instruction to the jury to disregard it, unless the evidence is clearly calculated to inflame the minds of the jury or is of such nature that it would be impossible to remove the harmful impression from the jury's mind. *See, e.g.*, *Kemp v. State*, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992); *Barney v.* State, 698 S.W.2d 114, 125 (Tex.Crim.App. 1985).

We will apply that analysis to the determination whether Officer Herrington's statement that he knew appellant in his police capacity "as a prostitute" had a substantial and injurious effect or influence on the jury's verdict. As noted, appellant's counsel promptly objected to Officer Herrington's statement and requested that it "be stricken." The objection was immediately sustained and the jury so instructed. Officer Herrington's statement was not repeated, nor was it referred to again. Examining the record as a whole, as we must, *see Tate*, 988 S.W.2d at 890, we find no indication here that the testimony was calculated to inflame the minds of the jury. And, while the impression on the jurors' minds of Officer Herrington's statement may have been heightened by the excused venireman's stated opinion of his credibility, the statement was not of such a nature as to

6

leave an indelible impression on the jurors' minds and preclude them from following the court's instruction to disregard it.

The facts of *Brokenberry v. State*, 788 S.W.2d 103 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd), cited by appellant, are not similar to those presented by this case. There, the trial court overruled an objection to the prosecutor's improper jury argument and the State made a repeated reference to the defendant's failure to call any character witnesses on his behalf.

We find that Officer Herrington's statement, though inadmissible, did not have a substantial and injurious effect or influence on the verdict, and overrule appellant's first point of error.

Having overruled appellant's points of error, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

7