Gregory Eugene BAINES, Appellant

v.

The STATE of Texas, Appellee.

No. 14–10–00234–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 2011.

Carmen Mae Roe, Houston, for Appellant.

Bridget Holloway, Houston, for the State.

Panel consists of Justices BROWN, BOYCE, and JAMISON.

## OPINION

MARTHA HILL JAMISON, Justice.

Appellant, Gregory Eugene Baines ("appellant"), appeals from his conviction for misdemeanor theft. In his sole issue on appeal, appellant complains that the trial court erred in overruling his objection to a portion of the State's final argument. Appellant argues that the State improperly commented on his failure to call two witnesses at trial. We affirm.

### *Background*

Appellant was charged with theft of property valued at more than $500 but less than $1,500. He pleaded not guilty and the case was tried to a jury. The jury found appellant guilty, and the trial judge assessed his punishment at 120 days of confinement in the county jail.

At trial, the State presented evidence that appellant drove two people, Blunt and Farve, to a Target store located in Humble. Once inside the store, Blunt and Farve obtained a cart and a large stack of plastic bags normally used for bagging merchandise after purchase. While shopping, appellant met up with Blunt and Farve a few times and eventually they all three ended up in the children's section. Once there, Blunt and Farve "bagged" the merchandise they had selected. While Blunt and Farve were bagging the merchandise, appellant was in the area looking around and being observant for anyone watching. The Target security officers watching this unfold on video believed appellant to be the "lookout."

After the merchandise was bagged, all three left the store. Appellant had abandoned his cart and did not leave with any merchandise. Blunt, however, took the bagged merchandise without paying for it. When approached by security on his way to the parking lot, Blunt fled to the vehicle driven by appellant and hid in the rear floorboard. Appellant and Farve, meanwhile, went to separate locations in the parking lot, which were some distance from the vehicle. Eventually, the police found Blunt in the vehicle and apprehended all three. Appellant was charged with theft for his role as the lookout.

### Issue on Appeal

In his sole issue, appellant challenges the trial court's ruling on his objection to the prosecutor's final jury argument. During the rebuttal portion of the State's final argument, the following exchange occurred:

> [The Prosecutor]: And let's notice something else. There were two other people that committed this crime that could have gotten on the stand, gotten under oath and testified that, "We're sorry, we did it. It wasn't our friend here. The one who drove us."
>
> But where is Mr. Blunt? Where is Ms. Farve? He has the same subpoena power. He could have called them to testify in his defense.
>
> [Defense Counsel]: Objection, Judge. This is shifting the burden of proof to the defendant to produce this evidence.
>
> The Court: Overruled. You may proceed.
>
> [The Prosecutor]: But you didn't see anyone in this witness chair. Not Ms. Blunt—I mean Mr. Blunt nor Ms. Farve. And the reason is because they committed the crime with him. So, they couldn't possibly truthfully testify that

he is innocent that—because the defendant is most certainly not.

Appellant argues that the State's comments were not reasonable deductions from the evidence and invited jurors to consider matters outside of the record. He also argues the comments improperly shifted the burden of proof from the State to the defense to produce evidence from the two witnesses. For the reasons stated below, we disagree and overrule appellant's sole issue.

### Standards of Review

■■■ Proper jury argument in criminal cases includes four general areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to arguments of opposing counsel, and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex.Crim.App.2008); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.-Houston [14th Dist.] 2005, no pet.). Error is found when facts not supported by the record are injected in the argument, but such error is reversible only if the argument is extreme or manifestly improper. *Brown*, 270 S.W.3d at 570. To determine whether jury argument is improper, we assess the argument as a whole and in context. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex.Crim.App.2007).

■■■ A prosecutor may not use final argument to invite the jury to speculate about matters that are outside of or unsupported by the record. *See Borjan v. State*, 787 S.W.2d 53, 57 (Tex.Crim.App.1990). A prosecutor may, however, properly comment on a defendant's failure to produce evidence, as long as the remarks do not fault the defendant for failing to testify. *See Jackson v. State*, 17 S.W.3d 664, 674 (Tex.Crim.App.2000); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex.Crim.App.1995). We look at the challenged language from the jury's standpoint and determine whether

the comment "was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex.Crim.App.2001). Reversal is not required where the language can be reasonably construed as referring to a defendant's failure to produce testimony or evidence from sources other than himself. *Livingston v. State*, 739 S.W.2d 311, 338 (Tex.Crim.App.1987).

### Appellant's Argument that the Comments Were Outside of the Record and Invited the Jury to Speculate

■ Appellant first argues that the trial court erred in overruling his objection because the prosecutor's comments went outside of the record and asked jurors to speculate about evidence not introduced. Specifically, Appellant contends that the prosecutor went outside of the record when he stated: "[t]here were two other people that committed this crime that could have gotten on the stand, gotten under oath and testified that we're sorry, we did it. It wasn't our friend here." Appellant did not preserve this argument for our review.[1]

■ To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R.App. P. 33.1(a). The contention on appeal must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App.2002); *Rothstein v. State*, 267 S.W.3d 366, 373 (Tex.App.-Houston [14th Dist.] 2008 pet. ref'd) ("An objection stating one legal theory may not be used to support a different legal theory on appeal."). Here, appellant objected only that the comments shifted the burden of proof to the defense. No mention was made of comments outside of the record or an invitation to jurors to speculate about the evidence that would have been presented by the two witnesses. Because appellant did not make this objection at trial, we cannot consider it on appeal.[2] *Wilson*, 71 S.W.3d at 349; *Rothstein*, 267 S.W.3d at 373.

### Appellant's Argument that the Comments Improperly Shifted the Burden of Proof

■ Appellant next argues that the prosecutor improperly shifted the burden of proof to the defense by the statement: "[h]e has the same subpoena power. He could have called them to testify in his defense." We disagree.

■ The State has the burden of proving the elements of the offense beyond

---

1. We note that the prosecutor's comments were supported by the record. Evidence introduced at trial included the security video showing Blunt and Farve bagging merchandise they had not paid for. There was further testimony that all three were arrested.

2. Even if appellant had preserved this argument, we would find no error. During final jury argument, appellant's attorney argued that "you can be in the wrong place at the wrong time" but "mere presence alone will not constitute one a party to a crime." The prosecutor answered this argument by asking why appellant did not call the two witnesses to support his claim that he was not involved.

The prosecutor's comments were within one of the four permissible areas of jury argument because they were an answer to appellant's counsel's argument. *See Brown*, 270 S.W.3d at 570; *Jackson*, 17 S.W.3d at 674; *see also Sanders v. State*, 74 S.W.3d 171, 173 (Tex. App.-Texarkana 2002, pet. ref'd) ("The evidence introduced here suggested that Sanders' excuse to the parlor owner and to the officers was that another person was driving. It was thus permissible for the prosecutor to argue that if this excuse were true, the defense would have called the person who could verify that excuse.").

a reasonable doubt. *See* Tex. Penal Code Ann. § 2.01 (Vernon 2003). If a defendant raises a defensive theory, the defendant has the burden of *production* with regard to the defensive theory. *See Zuliani v. State*, 97 S.W.3d 589, 594 & n. 5 (Tex.Crim. App.2003) (explaining burdens of proof of defensive theories in factual sufficiency review). The State maintains the burden of *persuasion* with regard to the defensive theory because it could cast doubt upon whether the State has met its burden of proving the elements of the offense beyond a reasonable doubt. *See id.; see also Allen v. State*, 253 S.W.3d 260, 267 n. 24 (Tex.Crim.App.2008) ("Although the State has no burden of production of evidence on a defensive issue, once a defense is raised it is the State's burden to *persuade* the jury with respect to that issue, since a reasonable doubt on the issue requires that the defendant be acquitted.'") (quoting Tex. Penal Code § 2.03(d)).

Part of appellant's defense at trial was that he was in the wrong place at the wrong time with the wrong people, and that his mere presence with Blunt and Farve did not make him a party to the theft. In sum, appellant's theory of defense was that he was not involved in the crime committed by Blunt and Farve. This defensive theory challenged elements of the theft offense—asserting that he did not unlawfully appropriate property or intend to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03(a) (Vernon Supp.2010). The State did not have any burden to produce evidence of appellant's defense (appellant did), but it did maintain the burden to persuade the jury with respect to the issue. *See Allen*, 253 S.W.3d at 267 n. 24; *Zuliani*, 97 S.W.3d at

594. The prosecutor's comments, to the effect that appellant could have called those two witnesses to support his defensive theory, went to the credibility of appellant's defense and did not shift the burden of proving the elements of the offense.

In *Caron v. State*, this court recently reviewed an objection made to the statement by a prosecutor that "[i]f there is something out there that is going to exonerate you, you want to make it known." *Caron*, 162 S.W.3d at 618. We rejected the defendant's argument that the prosecutor improperly shifted the burden of proof to the defense and reasoned:

> The State's jury argument did not shift the burden of proof, but instead, summarized the state of the evidence and was a reasonable deduction drawn from the evidence. During the jury argument, the State may comment on appellant's failure to present evidence in his favor.

*Id.* As in *Caron*, the prosecutor's comment in this case was a permissible remark about appellant's failure to produce evidence in his favor on his defense and did not shift the burden of proof to appellant.

### Appellant's Argument that the Prosecutor Improperly Commented on his Failure to Testify

 Appellant also argues that the prosecutor improperly commented on his failure to testify because the prosecutor's comments required him to personally rebut the claim and take the stand to tell the jury that he was innocent.[3] Appellant, however, does not explain why a comment about the failure of Blunt and Farve to testify would require him to take the stand and rebut the argument. A prosecutor

---

3. Although his brief does not expressly state that the prosecutor improperly commented on his "failure to testify," the cases appellant relies upon address whether certain comments violated a defendant's constitutional right not to testify. Thus, we construe his briefing as a claim that the prosecutor's comments were improper because they commented on his failure to testify. *See* Tex. R.App. P. 38.9.

does not improperly comment on a defendant's failure to testify where the language can reasonably be construed to refer to a defendant's failure to produce evidence other than his own testimony. *See Jackson,* 17 S.W.3d at 674; *Patrick,* 906 S.W.2d at 491. Here, the comment can reasonably be construed as a reference to appellant's failure to produce evidence from two witnesses other than himself. Thus, the comments were not improper. *See id.*

In *Livingston v. State,* the Court of Criminal Appeals addressed an objection to comments that the defendant could have but did not use "the power of subpoena" to bring in witnesses to explain how the defendant's pants became torn at work. 739 S.W.2d 311, 337 (Tex.Crim.App.1987). The prosecutor further commented that, if he had been defense counsel, he would have investigated the defendant's alibi and brought in store employees to testify. *Id.* The Court held that the remarks did not refer to a particular aspect of the case that only the defendant's testimony could refute. *Id.* at 338. Instead, the prosecutor carefully limited his remarks to the defendant's failure to present testimony other than his own and thus the comments were proper. *Id.; see also Sanders,* 74 S.W.3d at 173 (prosecutor could properly comment on defendant's failure to bring witness who could corroborate defendant's proffered excuse).

Likewise, the statements in this case commented on the failure to produce evidence from the other two people shown on the security video, who could have corroborated appellant's argument that he was simply in the wrong place at the wrong time. The comments did not improperly comment on appellant's failure to testify. *See Livingston,* 739 S.W.2d at 338; *Sanders,* 74 S.W.3d at 173.

Appellant also cites this court's decision in *Brokenberry v. State,* 788 S.W.2d 103

(Tex.App.-Houston [14th Dist.] 1990, pet. ref'd), in support of his claim. *Brokenberry* is distinguishable. In that case, the prosecutor commented on the defendant's failure to call character witnesses during the guilt-innocence phase of the trial. 788 S.W.2d at 105. Texas Rule of Evidence 404(a) prevents the introduction of character evidence by the prosecution unless it has first been raised by the defendant. *See* Tex.R. Evid. 404(a)(1). Thus, we held the prosecutor's reference to the defendant's failure to call character witnesses was the "functional equivalent of the State injecting appellant's character into the case," which was reversible error. *Brokenberry,* 788 S.W.2d at 105. There was no such error made in this case.

### Conclusion

Having determined that the trial court did not commit error in overruling appellant's objection to the prosecutor's closing argument, we overrule appellant's issue on appeal. The judgment of the trial court is affirmed.