**Affirmed and Memorandum Opinion filed July 17, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00171-CR

---

**RODOLFO JESUS MORALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1100375**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of murder and sentenced him to confinement for 80 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues on appeal concerning the State's closing argument. We affirm.

BACKGROUND

In December 2006, appellant's wife asked Juan Jose Salguero, the complainant, to fix appellant's car and gave him $100. On January 11, 2007, appellant went to Salguero's apartment looking for him. Salguero's wife, Wendy, told appellant that Salguero was not living with her. On January 14, Salguero was at Wendy's apartment when appellant came to the apartment. Salguero answered the door and went out. Shortly thereafter, Wendy heard a gunshot and ran outside. She discovered Salguero had been shot and saw appellant. Appellant had a revolver and continued shooting. Appellant then fled. Two bullets were recovered from Salguero's body. Appellant was eventually apprehended, charged with murder, and convicted by a jury.

## ANALYSIS

On appeal, appellant claims reversible error arises from the State's closing argument. The record reflects the State made the following argument in its closing of the guilt-innocence phase:

> There is nothing that the defense brought to you to question Wendy's testimony. Wendy was under cross-examination and the defense, they couldn't -- she didn't change her testimony because I tell you, if her testimony was different than that statement she gave, he would have brought it out. So there is no reason for her to lie.

Defense counsel objected to "shifting the burden of proof." That objection was overruled. In his first issue, appellant claims the State impermissibly commented on his failure to testify. As appellant recognizes in his second issue, counsel did not object on that basis. Because the complaint raised in appellant's brief does not comport with the objection made to the trial court, nothing is preserved for our review. *See McLendon v. State*, 167 S.W.3d 503, 510 (Tex. App.—Houston [14th

Dist.] 2005, pet. ref'd) (citing *Paster v. State,* 701 S.W.2d 843, 849 (Tex. Crim. App. 1985)). Appellant's first issue is overruled.

Appellant's second issue claims defense counsel was ineffective for failing to object to the State's argument as an impermissible comment on appellant's failure to testify. To demonstrate ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient, *i.e.*, that his assistance fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* at 813. Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Id.* Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v, State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

An improper comment on an accused's failure to testify violates his constitutional, as well as statutory, privileges against self-incrimination. U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Crim. Proc. Code art. 38.08; *Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011); *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). A violation occurs if the language used was manifestly intended as a comment on the defendant's failure to testify or is of such a character that the jury would necessarily and naturally take it as such. *Bustamante,* 48 S.W.3d at 765. An implication that the comment referred to the defendant's failure to testify must be clear, and we consider the offending language from the jury's perspective. *Id.* A comment is improper if it calls the jury's attention to the absence of evidence that only a defendant's testimony can supply.

*See Garrett v. State,* 632 S.W.2d 350, 353 (Tex. Crim. App. 1982). If the remark can reasonably be construed to refer to the failure to provide evidence other than a defendant's own testimony, however, the comment is not improper. *See Fuentes v. State,* 991 S.W.2d 267, 275 (Tex. Crim. App. 1999). Whether a comment is improper is determined by the entirety of the prosecutor's comments, taken in the context in which the words were used and heard by the jury. *Bustamante*, 48 S.W.3d at 765.

Appellant argues that the prosecutor's argument necessarily refers to testimony that only he could supply because he, Wendy, and Salguero were the only ones present. Because Salguero was killed and Wendy testified, he claims the prosecutor's comments could only have referred to the lack of testimony from him.

We disagree that the prosecutor called the jury's attention to the absence of evidence that only appellant's testimony could supply. The prosecutor was pointing out the lack of evidence suggesting Wendy was anything but truthful. Appellant would have been entitled to impeach Wendy with appropriate prior felony convictions and other convictions for crimes of moral turpitude. *See* Tex. R. Evid. 609(a) (permitting the admission of such evidence if the trial court finds that its probative value outweighs its prejudicial effect). Appellant could have called reputation and opinion witnesses to discuss Wendy's truthfulness. *See* Tex. R. Evid. 608(a) (permitting the admission of such evidence if and only if it refers to a witness' "character for truthfulness or untruthfulness"). Such evidence did not have to come from appellant. *See Baines v. State*, 401 S.W.3d 104, 108 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("Reversal is not required where the language can be reasonably construed as referring to a defendant's failure to produce testimony or evidence from sources other than himself.")

4

When considered from the jury's perspective, the prosecutor's statement that there was no evidence contradicting Wendy's testimony was not necessarily a reference to appellant's failure to testify. *See Kan v. State*, 4 S.W.3d 38, 45 (Tex. App.—San Antonio 1999, pet ref'd) (holding that rhetorical questions "What contradicted that sexual conduct occurred? What did Defendant put on there to show that sexual contact did not happen?" in trial for sexual assault of a child were proper summary of evidence and did not call jury's attention to lack of evidence only defendant could provide). In this case the prosecutor provided an example of evidence other than appellant's own testimony that was not provided — any differences between Wendy's testimony and the statement she gave. Taken in context, we hold the prosecutor's comments were not of such a character that the jury would necessarily and naturally take them as a comment on appellant's failure to testify. *Bustamante*, 48 S.W.3d at 765.

For these reasons, appellant has not established that his counsel performed deficiently by failing to object to the prosecutor's argument as an improper comment on appellant's failure to testify. Because appellant has not satisfied the first prong of *Strickland*, we overrule his second issue.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

/s/ J. Brett Busby
   Justice

Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

5